UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV398

| | |
|---|---|
| CARLYLE H. HILL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BELK STORES SERVICES, INC. )<br>)<br>_____Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before this Court upon Defendants' "Motion to Dismiss the First and Third Causes of Action" (Document #2) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's complaint alleges four causes of action: 1) public policy claims for violation of North Carolina's public policy as set forth in North Carolina's Equal Employment Practices Act ("NCEEPA"), N.C.G.S. § 143-422.1 *et seq.*; 2) a claim under the federal Age Discrimination in Employment Act; 3) public policy claims for violation of North Carolina's public policy as set forth in N.C.G.S. § 95-126 *et seq.* and N.C.G.S. § 95-240 *et seq.*; and 4) a claim under the Federal Family and Medical Leave Act.

Defendant is asking that the Plaintiff's first cause of action be dismissed to the extent it relates to pre-termination actions and for the Plaintiff's third cause of action to be dismissed in its entirety.

For the reasons stated below, this Motion is GRANTED.

## I. BACKGROUND

Plaintiff Hill ("Hill") began working for Defendant Belk Stores Services, Inc. ("Belk") in 1986. *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss*. In that position, Hill was responsible for "most aspects of Belk's safety performance." *Id.* Hill alleges that during the last three years of his employment with Belk, he alerted Belk employees of possible deficiencies in the Belk Safety Program. *Defendant's Memorandum in Support of its Motion to Dismiss quoting Compl.* ¶ 8. Plaintiff received warning letters for "performance deficiency" in October 2004 and a negative performance evaluation in November 2004. *Id. quoting Compl.* ¶¶ 10, 17, 29.

In January 2005, Hill's wife was diagnosed with cancer, and Hill took vacation and Family Medical leave through May, 2005. *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss quoting Compl.* ¶¶ 11, 12. When Hill sought to return to his position in May 2005, he was denied reinstatement. *Id. quoting Compl.* ¶ 13.

Hill has filed charges of age discrimination with the Equal Employment Opportunity Commission and exhausted all administrative remedies. *Id. quoting Compl.* ¶ 14. On August 22, 2006, Hill filed the complaint in the Superior Court Division of Mecklenburg County. Belk then removed the case to this Court based on Hill's federal claims.

## II. DISCUSSION

A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears

certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Greenhouse v. MCG Capital Corp.,* 392 F.3d 650, 655 (4th Cir 2004). A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.), *cert. denied,* 540 U.S. 940 (2003). Moreover, "allegations must be stated in terms that are neither vague nor conclusory." *Estate Constr. Co. V. Miller & Smith holding Co.,* 14 F.3d 213, 220 (4th Cir. 1994).

**A. Plaintiff's First and Third Causes of Action**

In this case, the only issues before the Court are whether Hill's first and third causes of action fail to meet the standard of Federal Rule of Civil Procedure 12(b)(6), and therefore must be dismissed. Each cause of action will be examined separately.

*A) Dismissal of Plaintiff's First Cause of Action as It Relates to Pre-Termination Actions*

The North Carolina Equal Employment Practices Act ("NCEEPA") provides that :

> [i]t is the public policy of this State to protect and safeguard the right and opportunity of all personal to seek, obtain and hold employment without discrimination or abridgment on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

*N.C. Gen. Stat*. §143-422.2.

NCEEPA appears to create causes of action only in some cases where the alleged discrimination resulted in termination. *See, e.g., Whitt v. Harris Teeter, Inc.*, 359 N.C. 625, 614 S.E.2d 531 (2005)(refusing to recognize public policy claims for constructive discharge, hostile

work environment, or retaliation). North Carolina does not recognize public policy claims based upon pre-termination actions. *See e.g. Kerry v. Harris Teeter, Inc.*, 2006 U.S. Dist. LEXIS 64108 (W.D.N.C. Aug. 25, 2006),

Therefore, Hill cannot bring pubic policy claims based on pre-termination actions.

### B) Plaintiff's Third Cause of Action

North Carolina's Retaliatory Employment Discrimination Act ("REDA") states in part

> No person shall discriminate or take any retaliatory action against an employee because the employee in good faith does or threatens to do any of the following: File a claim or complaint, initiate any inquiry, investigation, inspection, proceeding or other action, or testify or provide information to any person

*N.C. Gen. Stat.* § 95-240

In order to state a successful public policy claim for retaliatory discharge, a plaintiff must allege that he was forced to break the law or be fired. *Hardin v. Belmont Textile Machinery,* 2006 U.S. Dist. LEXIS 54452, at 7-8 (W.D.N.C. Aug. 3, 2006), *see also Harrison v. Edison Bros. Apparel Stores, Inc.,* 924 F.2d 530, 533 (4th Cir. 1991); *Haburjak v. Prudential Bache Sec., Inc.,* 759 F. Supp. 293, 300 (W.D.N.C. 1991). In *Haburjak*, the plaintiff, a stock broker, claimed that he was fired in retaliation for widespread insider trading at his office which he had discovered and was required to report. 759 F. Supp. at 294-5. Even though brokers are required by law to report insider trading, the court refused to extend the exception to the at-will employee doctrine to include cases where an employee is fired for performing an act required by law. Id. at 300-1.

Here, Hill asserts that he was trying to alert Belk to its non-compliance with safety laws. Similar to *Haburjak*, however, Hill does not present any allegations of being forced to break the

law or face termination. By failing to make allegations that Belk directed him to engage in unlawful activity, Hill fails to meet the standard for a public policy cause of action.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss the first cause of action as it relates to pre-termination actions and third cause of action in its entirety is hereby GRANTED.

IT IS SO ORDERED.

Signed: December 13, 2006

Graham C. Mullen
United States District Judge