IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-cv-398

| CARLYLE H. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| BELK STORES SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

THIS MATTER is before the Court upon Plaintiff's Motion to Set Aside Entry of Default (Document #31). For the reasons outlined below, this motion is DENIED.

**BACKGROUND**

Plaintiff Hill ("Hill") began working for Defendant Belk Stores Services, Inc. ("Belk") in 1986. *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss*. In that position, Hill was responsible for "most aspects of Belk's safety performance." *Id.* Hill alleges that during the last three years of his employment with Belk, he alerted Belk employees of possible deficiencies in the Belk Safety Program. *Defendant's Memorandum in Support of its Motion to Dismiss quoting Compl.* ¶ 8. Plaintiff received warning letters for "performance deficiency" in October 2004 and a negative performance evaluation in November 2004. *Id. quoting Compl.* ¶¶ 10, 17, 29.

In January 2005, Hill's wife was diagnosed with cancer, and Hill took vacation and

Family Medical leave through May, 2005. *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss quoting Compl.* ¶¶ 11, 12. When Hill sought to return to his position in May 2005, he was denied reinstatement. *Id. quoting Compl.* ¶ 13. On August 22, 2006, Hill filed the complaint in the Superior Court Division of Mecklenburg County. Belk then removed the case to this Court based on Hill's federal claims.

On December 13, 2006, this Court dismissed Hill's first and third causes of action. Belk then filed its answer and counterclaims on December 22, 2006. Hill failed to answer Belk's counterclaims in the allowed time period, and on February 12, 2007, Belk filed its application for Entry of Default. Default was granted on February 23, and four days later, Belk filed its Application for Default Judgment. On March 11, 2007, Hill filed a Motion to Set Aside Entry of Default.

## **ANALYSIS**

Federal Rule of Civil Procedure 55(c) states that for "good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The standard used to judge Rule 55(c) is an application of the standard used to decide Rule 60(b) motions requesting relief from a default judgment. Resolution of motions to set aside entry of default and default judgment lie "largely within the discretion of the trial judge and his [actions are] not lightly to be disturbed by an appellate court." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

The burden rests upon the party requesting that an entry of default be set aside or a default judgment be vacated to show: (1) his motion is timely; (2) he has a meritorious defense to the action; and (3) the opposing party will not be unfairly prejudiced if the judgment is set aside.

*Id*; *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). If a party satisfies these requirements, then "he must also satisfy one of the six grounds for relief set forth in Rule 60(b), including, (1) mistake, inadvertence, surprise or excusable neglect." *Int'l Thomson Publ'g v. SoftquadInt'l, Inc.*, 190 F.R.D. 395, 397-8 (E.D.N.C. 1998). A court should not set aside an entry of default where the movant "fails to present a reasonable excuse for his neglect or fails to show he has a meritorious defense to the merits of the action." *Moron v. Mitchell*, 354 F.Supp. 86, 87 (E.D. Va. 1973). Whether a party has acted reasonably promptly must be determined in light of the facts and circumstances of each case. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

Here, Hill's counsel maintains that she was unaware of the counterclaims, and therefore, should not be subject to default judgment. In the Motion to Set Aside Entry of Default, Hill notes that his counsel was out of the office from December 22 through at least December 30. Counsel for the Plaintiff explains that she was unable to respond to the counterclaims due to her "backlog of paperwork" after returning from vacation. But Hill's counsel acknowledges that her office was served with Belk's Answer and Counterclaims on December 22, and that her office printed out a copy of the pleadings. Although Hill's counsel insists that she never read the counterclaims, she did file other pleadings in the case on December 26, 2006 and on February 6, 2007. Since Hill's counsel filed these pleadings using the Court's electronic filing system, she would have seen the docket report of pleadings, which contains a record of Belk's Answer and Counterclaims.

Finally, even if the Court were to find that Hill's counsel had acted reasonably in responding to the counterclaims, she would still have to present a meritorious defense to overcome the entry of default judgment. Hill's counsel has presented no meritorious defense to

Belk's counterclaims. A general denial of the claims is insufficient to overturn a default. *Sony Corp.v Elm State Elecs., Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986).

Counsel for Hill fails to show that her failure to respond was anything but a lack of diligence and fails to present any sort of meritorious defense that could overcome an entry of default judgment. Therefore, Pursuant to Federal Rule of Civil Procedure 55(b), and upon consideration of Defendant's Application for Default Judgment and supporting Memorandum, DEFAULT JUDGMENT against PLAINTIFF is hereby ENTERED with respect to Defendant's Counterclaims, which were filed and served on December 22, 2006.

IT IS SO ORDERED.

Signed: April 19, 2007

Graham C. Mullen
United States District Judge