IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-cv-398

| | |
|---|---|
| CARLYLE H. HILL, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| BELK STORES SERVICES, INC., | ) |
| Defendant. | ) |

THIS MATTER is before the Court upon Plaintiff's Motion for Reconsideration (Document #14). For the reasons outlined below, this motion is DENIED.

## BACKGROUND

Since the facts of this case have been recited in previous orders, the Court will only outline them briefly here.

Plaintiff Hill ("Hill") began working for Defendant Belk Stores Services, Inc. ("Belk") in 1986, when he initiated Belk's corporate-wide safety program. He continued working at Belk for the next 18 years, during which time he was responsible for most aspects of Belk's safety performance.

In October 2004, Plaintiff received warning letters for "performance deficiency." He also received a negative performance evaluation in November 2004. Hill alleges that during the last three years of his employment with Belk, he alerted Belk employees of possible deficiencies in

the Belk Safety Program and that the negative evaluation and warning letter were a result of his concern in the stores' safety deficiencies.

In January 2005, Hill's wife was diagnosed with cancer, and Hill took vacation and Family Medical leave through May, 2005. When Hill sought to return to his position in May 2005, he was denied reinstatement. On August 22, 2006, Hill filed the complaint in the Superior Court Division of Mecklenburg County. Belk then removed the case to this Court based on Hill's federal claims.

On December 13, 2006, this Court dismissed Hill's first and third causes of action. Now Hill seeks to have the Court reconsider its dismissal of Hill's third cause of action. Hill has also filed an amended complaint, which the Court will consider in ruling on this Motion for Reconsideration.

## **ANALYSIS**

In his Motion, Plaintiff asserts that "claims of wrongful discharge in violation of public policy are not limited to situations where the employee refused to violate the law." Plaintiff is correct in his assertion of the law, but even this expansion of the courts' interpretations of public policy violations do not allow his claim to stand.

In North Carolina, wrongful discharge claims have been recognized where an employee was discharged after (1) refusing to violate the law at the employer's request; (2) engaging in a legally protected activity; or (3) the employer acted in a manner contrary to the law and public policy. *See Bumgardner v. Spotless Enterprises, Inc.*, 287 F.Supp. 2d. 630 (W.D.N.C. 2004).

Hill's allegations, however, fail to meet the standard for any one of these possibilities. There is no assertion that at any time, Belk requested that Hill violate the law. Second, Hill was

not engaging in a protected activity. Hill's actions as an employee of Belk (including the additional facts set forth in Plaintiff's amended complaint) are not legally protected because he acted only within the scope of his duties as a safety program officer, and actions within the scope of an employees duties are not protected for the purpose of Title VII. *See Claudio-Gotay v. Bection Dickinson Caribe, Ltd.* 375 F.3d 99 (1st Cir. 2004) (to engage in protected activity, the employee must step outside his or her role of representing the company); *McKenzie v. Renberg's Inc.*, 94 F.3d 1478 (10th Cir. 1996) (an employee who, in her capacity as personnel manager, informed the company that ti was at risk of claims that might be instituted by others as a result of its alleged FLSA violations, did not engage in activity protected under FLSA's anti-retaliation provision; such actions were completely consistent with her job duties) *Vidal v. Ramallo Bros. Printing, Inc.*, 380 F.Supp. 2d 60 (D.P.R. 2005) (a human resources directed did not engage in protected activity when he informed the company's president and vice-president that he was initiating a sexual harassment investigation against them). Even when this Court takes into account Hill's amended complaint, which reports that he cooperated with representatives of OSHANC, and that Belk knew that Hill was either assisting OSHANC or had made a complaint to OSHANC, Hill cannot show that he was engaged in a protected activity. Rather, as the store's safety expert, Hill was acting within the scope of his employment when he investigated and reported any safety hazards to both Belk and OSHANC. Since he was operating in the scope of his employment, Hill's actions are not legally protected activity.

  Finally, Hill could prevail on his motion if Belk was acting in a manner contrary to the law and public policy. The parties have acknowledged that Belk was not acting in a manner that violated the law, and this Court is simply unwilling to rule that Belk's actions violated the State's public policy. Courts in North Carolina are institutionally averse to creating claims based on

public policy. Rather, courts look to the general assembly for guidance on public policy claims. The general assembly has responded with examples of public policy violations, such as the ones recited above. Hill's allegations, however, do not fall into any of the categories set out by the general assembly, and it would be an inappropriate expansion of its duty for this Court to recognize a public policy claim not created explicitly by the legislature.

For these reasons, Plaintiff's Motion to Reconsider is DENIED.

IT IS SO ORDERED.

Signed: October 12, 2007

Graham C. Mullen
United States District Judge